IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>SANITARY AND IMPROVEMENT<br>DISTRICT NO. 517 OF DOUGLAS<br>COUNTY, NEBRASKA | )  Case No:  BK 11- 80953<br>)<br>)       CHAPTER 9<br>)   PLAN OF ADJUSTMENT<br>)<br>)<br>) |

     This Plan of Adjustment ("Plan") is proposed and made by Sanitary and Improvement District No. 517 of Douglas County, Nebraska ("SID #517" or the "District").

     1. <u>Warrant Holders.</u>  (a) **Class "A" Warrant Holders.**  This class of creditors consists of all parties who presently own construction fund "warrants" identified on Schedule "1" and any interest warrants issued in payment for accrued interest thereon which are designated as **Class "A" Warrants**. (b)  **Class "B" Warrant Holders.**  This class of creditors consists of all parties who presently own construction fund "warrants" identified on Schedule "1" and any interest warrants issued in payment for accrued interest thereon which are designated as **Class "B" Warrants**.  There are also general fund warrants used to pay the day to day and administrative requirements of the District that are not part of this class of creditors and who's claims are not impaired.  There are no other creditors of SID #517 except those persons or entities performing services for the District and the holders of sanitary and improvement district bonds which bonds have statutory priority pursuant to Nebraska Revised Statutes Sec. 31-755, prior Court rulings and entitled to priority payment under 11 U.S.C. 503 et. seq.  Provided that said creditors of SID #517 release their claims against SID #517 as set forth herein, SID #517 will deliver funds of the District in the amount and in the manner as set forth in paragraphs 4 and 5 below in full settlement of such creditor's claims.  The claims of members of these classes of creditors are impaired under this Plan.

     2. <u>Execution of Plan of Adjustment</u>.  Upon confirmation of this Plan of Adjustment, SID #517 will execute and deliver to the disbursing agent appointed by the Court the funds described in paragraphs 4 and 5 from time to time in the manner described therein.

This Plan requires the holders of the warrants set forth on Schedule "1" to deliver to SID #517 and/or the disbursing agent appointed by the Court, within a reasonable period of time after confirmation of the Plan, the described warrants (including interest warrants) for cancellation and exchange for Certificate of Indebtedness as provided in paragraph 5 below.  The Bankruptcy Court will be requested as part of the order confirming this Plan to require delivery of warrants as set forth herein.  No payment shall be made by the disbursing agent to any creditor unless said disbursing agent has received the applicable warrant(s) and/or an affidavit of lost or stolen security and indemnification thereon and authenticated a Certificate of Indebtedness. Furthermore, in order to assure that said creditors cannot continue to hold their warrants with a view towards having them redeemed by the Treasurer of Douglas County, Nebraska, all such warrants not delivered to the disbursing agent within six months from the date of confirmation of this Plan shall be deemed cancelled and of no further force and effect and the Court shall be requested in its order confirming the Plan to restrain the Douglas County Treasurer from paying or redeeming such warrants.

3. <u>Administrative Costs.</u>  The only administrative costs thus far have been for services and out of pocket expenses of the District's legal counsel, Fullenkamp Doyle & Jobeun.  Said counsel has not received any payment on account of such services or out-of-pocket expenses.  To date, legal services rendered based on the agreed upon rate of $250/hour total $15,000.00 and the out-of-pocket expenses are estimated to be approximately $5,000.00.  All such legal fees and expenses together with such additional administrative costs and expenses as are incurred herein, including fees of Baird Holm LLP, as Bond Counsel and D.A. Davidson as Fiscal Agent and Bond Underwriter, shall be paid from the District's construction/bond fund and shall be paid prior to any disbursements pursuant to paragraphs 4 or 5 below. Administrative costs shall be paid directly by the Douglas County Treasurer from the bond fund cash of the District upon presentment by the District Counsel or other administrative entity entitled to payment and verified by the District's fiscal agent.

4. <u>Initial Cash Disbursement.</u>  SID #517 shall, within 90 days following the date of confirmation of this Plan by the Bankruptcy Court or delivery of warrants to the disbursing agent as set forth in paragraph 2, whichever shall occur later, deliver to the disbursing agent appointed by the Court all the cash and investments with accrued interest thereon on deposit in SID #517's construction/bond fund less a) the paragraph 3 administrative costs and any disbursing agent

fees; b) a transfer to the general (operating) fund of SID #517 of an amount necessary to bring the general fund current and on a cash basis as recommended by the fiscal agent; and c) a bond sinking fund to support all the district's general obligation bonds issued December 15, 2007 in the original amount of $1,250,000 which are due serially beginning December 15, 2008 and annually thereafter through December 15, 2027 a payment and bond sinking fund requirement pro-forma is attached hereto a Schedule "2" . The remaining funds shall be paid out to all (both **Class "A" and "B"**) the holders of certificates of indebtedness as set forth in Paragraph 5 below based upon their pro-rata share as shown on Schedule "1" and as may be adjusted in accordance with the delivery of warrants to the disbursing agent and any cancellation of warrants thereon. The initial distribution to the holders of the Certificates of Indebtedness will not occur until the earlier of either the delivery of all of the warrants to the disbursing agent or the end of the warrant return period as set forth in Paragraph 2 and 5 of this Plan.

     5. <u>Warrants and Payments</u>. All warrants delivered to the disbursing agent shall be cancelled upon the authentication of a Certificate of Indebtedness for such warrant. Each warrant holder will be given a Certificate of Indebtedness from the disbursing agent evidencing their **Class "A"** or **Class "B"** pro-rata share of the paragraph 5 payments to be made by the District in accordance with this Plan. The first payment under the Certificate of Indebtedness will be the initial disbursement as set forth in paragraph 4 (both **Class "A" and "B"**) above. Interest shall cease being accrued on the warrants on the last day of the month wherein the confirmation of the plan occurs. Each Certificate of Indebtedness (both **Class** "**A**" and "**B**") shall accrue interest beginning the first day of the first month after the confirmation of the Plan by the United States Bankruptcy Court for the District of Nebraska at the rate of five (5%) percent per annum simple interest on the outstanding principal balance. **All payments made pursuant to this Plan shall first be applied to payment of principal.** SID #517 and/or the disbursing agent shall thereafter, subject to the prior limitations and cancellation provision set forth herein, within 45 days following the balancing of SID #517's books by the Douglas County Treasurer as of December 31 of each year, or in addition thereto additional distributions as SID #517's Board of Trustees may determine deliver to each **Class "A" and "B" Warrant Holder** his/her/its Schedule 1 pro-rata as shown on Schedule 1 of any funds on deposit with the Douglas County Treasurer in SID #517's construction/bond fund except any bond payment and/or sinking fund

requirements of paragraph 5(c) below from:

(a)  The collection of any and all special assessments levied by SID #517 against properties located within its corporate boundaries together with any miscellaneous revenues, which by law, custom or usage are deposited in a sanitary, and improvement district construction/bond funds.

(b)  Any ad valorem real estate taxes collected from a construction/bond fund levy of:

   1. $0.90/ $100 of actual valuation less:

      a) $0.40/ $100 of actual valuation or $90,000 for the year 2010/2011 fiscal year increased annually thereafter at the rate of 2.5% per annum, whichever is less, which monies shall be deposited in the District's general fund;

      b) any additional amount above the subparagraph a) amount certified to by the District's engineer to be necessary for extraordinary repairs and/or reconstruction to and/or replacement of the District's Regional Lift Station and Force Main.  In no event however shall the construction/bond fund levy together with the above specified general fund levy exceed $0.90 per $100 of assessed valuation,

(c)  The net proceeds from the issuance by SID #517 of bonds as directed by D.A. Davidson & Co. ("DAD") the District's fiscal agent or its successors and assigns from time to time, which bond issues, whether one or more shall be mandatorily issued and sold by SID #517 at such times and in an amount which can be issued and sold on a level payment basis over a period of twenty-five (25) years, reserving a bond sinking fund equal to one and ½ year's principal and interest requirement, and amortized using the proceeds of an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 517's tax base (exclusive of any tax base used to support any paragraph 4 c) and/or prior 5(c) bond issue) to pay the principal and interest on such bonds on a year to year basis.  Such bonds shall be issued prior to December 31, 2025 as directed by DAD and the disbursing agent.

At such time as the Certificates of Indebtedness for the **Class "A" Warrant Holders**

have been paid in full then payments shall be made to the **Class "B" Warrant Holders** in the same manner and to the same extent and upon the same terms and conditions as are set forth above for the **Class "A" Warrant Holders**.

<u>AT THE EARLIER OF THE DATE THE NET PROCEEDS FROM PARAGRAPHS 5(A) THROUGH (C) SHALL BE SUFFICIENT TO PAY ALL THE CERTIFICATES OF INDEBTEDNESSOR DECEMBER 31, 2025, ALL CERTIFICATES OF INDEBTEDNESS SHALL BE CANCELLED AND NO FURTHER PAYMENTS ON ACCOUNT THEREOF WILL BE MADE.</u>

During any year-end, except the year 2025, in which the amounts to be disbursed pursuant to this Plan do not exceed $100,000 then such funds shall be invested at the discretion of DAD and disbursed at the next payment date at which the amounts on hand exceed $100,000.

The disbursing agent shall provide each warrant holder an accounting for each disbursement made. The disbursing agent shall be entitled to fair and reasonable compensation for acting as the disbursing agent which amount, when approved by the Board of Trustees of SID #517, may be paid for from the construction/bond fund of SID #517. SID #517 proposes to use Bankers Trust Company, NA, 10250 Regency Circle, Suite 115; Omaha, Nebraska 68114.

Bonds, Certificate's of Indebtedness or any other form of security which will be offered and sold by means of and in accordance with offering circulars under the Plan of Adjustment pursuant to and for the purposes of 11 U.S.C. Section 1125(e). SID #517; DAD; Baird Holm LLP or such future bond counsel as the case may be; Fullenkamp Doyle & Jobeun, counsel for SID #517; Lutz & Company, P.C., its auditor; and SID #517's Board of Trustees have all acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to protection of 11 U.S.C. Section 1125(e).

6. <u>Confirmation</u>. It is anticipated that this Plan shall be confirmed by the United States Bankruptcy Court for the District of Nebraska and therefore be binding on you in the event that it is accepted by more than 50% of the number of creditors holding more than 66.67% of the outstanding voting dollar debt.

Dated: __04/15/2011_____.

-6-

        SANITARY AND IMPROVEMENT DISTRICT NO. 517 OF DOUGLAS COUNTY, NEBRASKA,

        By:__/s/Brian C. Doyle_____
           Brian C. Doyle (#23001)
           Fullenkamp, Doyle & Jobeun
           11440 West Center Road
           Omaha, Nebraska 68144
           (402) 334-0700
           Fax: (402)-334-0815
           brian@fdjlaw.com
           Attorney for said Debtor

D.A. Davidson & Co.  SCHEDULE "1"
SID #517
Warrant Holders

| CLASS "A" WARRANT HOLDERS<br>Account Name | | 12/31/10 Warrant Principal Balance | | 12/31/2010 Warrant Interest Balance | CERTIFICATE AMOUNT 12/31/10 Total | Class A Percentage Ownership | Class A Cummulative Ownership | Initial Distribution Percentage | Initial Distribution Cummulative Percentage | Ongoing Distribution Percentage | Ongoing Distribution Cummulative Percentage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DANIEL J HIRSCHFELD | $ | 709,540.15 | $ 44,286.68 | $753,827 | 14.40% | 14.40% | 12.49% | 12.49% | 13.88% | 13.88% |
| 2 | THE BANK OF NEW YORK MELLON | $ | 519,873.60 | $ 32,448.86 | $552,322 | 10.55% | 24.96% | 9.15% | 21.63% | 10.17% | 24.05% |
| 3 | RBC WEALTH MANAGEMENT | $ | 499,781.65 | $ 31,194.77 | $530,976 | 10.15% | 35.10% | 8.79% | 30.43% | 9.78% | 33.82% |
| 4 | PERSHING LLC | $ | 282,781.82 | $ 17,650.12 | $300,432 | 5.74% | 40.84% | 4.98% | 35.40% | 5.53% | 39.36% |
| 5 | EXCHANGE BANK | $ | 258,408.45 | $ 16,128.83 | $274,537 | 5.25% | 46.09% | 4.55% | 39.95% | 5.05% | 44.41% |
| 6 | TIMOTHY L ONEILL TTEE | $ | 216,066.72 | $ 13,486.05 | $229,553 | 4.39% | 50.48% | 3.80% | 43.75% | 4.23% | 48.64% |
| 7 | JAMES C CRIPE | $ | 160,500.00 | $ 10,017.77 | $170,518 | 3.26% | 53.73% | 2.82% | 46.58% | 3.14% | 51.78% |
| 8 | HOWARD DREW TTEE | $ | 145,790.54 | $ 9,099.69 | $154,890 | 2.96% | 56.69% | 2.57% | 49.14% | 2.85% | 54.63% |
| 9 | INVENTORY | $ | 136,189.05 | $ 8,500.40 | $144,689 | 2.76% | 59.46% | 2.40% | 51.54% | 2.66% | 57.29% |
| 10 | MARY L TRAUDT TTEE | $ | 133,750.00 | $ 8,348.14 | $142,098 | 2.72% | 62.17% | 2.35% | 53.89% | 2.62% | 59.91% |
| 11 | STEVE SAYLAN | $ | 133,750.00 | $ 8,348.14 | $142,098 | 2.72% | 64.89% | 2.35% | 56.25% | 2.62% | 62.53% |
| 12 | GEORGE L BUTLER | $ | 107,000.00 | $ 6,678.51 | $113,679 | 2.17% | 67.06% | 1.88% | 58.13% | 2.09% | 64.62% |
| 13 | DUANE HAVRDA | $ | 96,300.00 | $ 6,010.66 | $102,311 | 1.95% | 69.02% | 1.69% | 59.82% | 1.88% | 66.50% |
| 14 | JOY A SOMMERHALDER TTEE | $ | 80,250.00 | $ 5,008.88 | $85,259 | 1.63% | 70.65% | 1.41% | 61.24% | 1.57% | 68.07% |
| 15 | RODNEY VANDEBERG | $ | 80,250.00 | $ 5,008.88 | $85,259 | 1.63% | 72.27% | 1.41% | 62.65% | 1.57% | 69.64% |
| 16 | D A DAVIDSON & CO AS CUST FOR | $ | 76,437.71 | $ 4,770.95 | $81,209 | 1.55% | 73.83% | 1.35% | 63.99% | 1.50% | 71.14% |
| 17 | LOUIS A RICH TTEE TTEE | $ | 76,215.03 | $ 4,757.04 | $80,972 | 1.55% | 75.37% | 1.34% | 65.33% | 1.49% | 72.63% |
| 18 | RICHARD B PETERSON TTEE | $ | 69,550.00 | $ 4,341.04 | $73,891 | 1.41% | 76.79% | 1.22% | 66.56% | 1.36% | 73.99% |
| 19 | TOM A WIESE TTEE | $ | 64,200.00 | $ 4,007.11 | $68,207 | 1.30% | 78.09% | 1.13% | 67.69% | 1.26% | 75.24% |
| 20 | MARLENE K GERHARD | $ | 60,769.24 | $ 3,792.98 | $64,562 | 1.23% | 79.32% | 1.07% | 68.76% | 1.19% | 76.43% |
| 21 | BRUCE W FROENDT | $ | 53,500.00 | $ 3,339.26 | $56,839 | 1.09% | 80.41% | 0.94% | 69.70% | 1.05% | 77.48% |
| 22 | DONALD J SHEETS | $ | 53,500.00 | $ 3,339.26 | $56,839 | 1.09% | 81.49% | 0.94% | 70.64% | 1.05% | 78.53% |
| 23 | JAMES A PARRISH | $ | 53,500.00 | $ 3,339.26 | $56,839 | 1.09% | 82.58% | 0.94% | 71.58% | 1.05% | 79.57% |
| 24 | JOHN D SOMMERHALDER | $ | 50,000.00 | $ 3,120.80 | $53,121 | 1.02% | 83.60% | 0.88% | 72.46% | 0.98% | 80.55% |
| 25 | MARGARET JONES | $ | 53,500.00 | $ 3,339.26 | $56,839 | 1.09% | 84.68% | 0.94% | 73.40% | 1.05% | 81.60% |
| 26 | MARVIN F OBERG | $ | 53,500.00 | $ 3,339.26 | $56,839 | 1.09% | 85.77% | 0.94% | 74.34% | 1.05% | 82.64% |
| 27 | CHERYL K SCHUKEI | $ | 42,800.00 | $ 2,671.41 | $45,471 | 0.87% | 86.64% | 0.75% | 75.10% | 0.84% | 83.48% |
| 28 | EILEEN J BOYLE TTEE | $ | 42,800.00 | $ 2,671.41 | $45,471 | 0.87% | 87.51% | 0.75% | 75.85% | 0.84% | 84.32% |
| 29 | FIRST NATIONAL BANK OF OMAHA | $ | 42,800.00 | $ 2,671.44 | $45,471 | 0.87% | 88.37% | 0.75% | 76.60% | 0.84% | 85.16% |
| 30 | J G VERZAL POD | $ | 40,394.80 | $ 2,521.29 | $42,916 | 0.82% | 89.19% | 0.71% | 77.31% | 0.79% | 85.95% |
| 31 | STEVEN NATHAN | $ | 38,975.88 | $ 2,432.72 | $41,409 | 0.79% | 89.99% | 0.69% | 78.00% | 0.76% | 86.71% |
| 32 | JERRY J SIMON | $ | 37,606.86 | $ 2,347.27 | $39,954 | 0.76% | 90.75% | 0.66% | 78.66% | 0.74% | 87.44% |
| 33 | DAVID A SAYLAN | $ | 28,925.76 | $ 1,805.43 | $30,731 | 0.59% | 91.34% | 0.51% | 79.17% | 0.57% | 88.01% |
| 34 | ANGELINE M LANGERMAN | $ | 26,750.00 | $ 1,669.63 | $28,420 | 0.54% | 91.88% | 0.47% | 79.64% | 0.52% | 88.53% |
| 35 | GERALD L LANGERMAN | $ | 26,750.00 | $ 1,669.63 | $28,420 | 0.54% | 92.42% | 0.47% | 80.11% | 0.52% | 89.06% |

| # | Name | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 36 | JOSEPH P CANIGLIA | $ 26,750.00 | $ 1,669.63 | $28,420 | 0.54% | 92.96% | 0.47% | 80.58% | 0.52% | 89.58% |
| 37 | MILTON SAYLAN | $ 26,750.00 | $ 1,669.63 | $28,420 | 0.54% | 93.51% | 0.47% | 81.05% | 0.52% | 90.10% |
| 38 | WILLIAM F MCVEY | $ 26,750.00 | $ 1,669.63 | $28,420 | 0.54% | 94.05% | 0.47% | 81.52% | 0.52% | 90.63% |
| 39 | JULIA M AMIES TTEE | $ 23,269.19 | $ 1,452.38 | $24,722 | 0.47% | 94.52% | 0.41% | 81.93% | 0.46% | 91.08% |
| 40 | FRANCES L BUSHEY | $ 21,400.00 | $ 1,335.70 | $22,736 | 0.43% | 94.96% | 0.38% | 82.31% | 0.42% | 91.50% |
| 41 | FRED H DOUGLAS | $ 21,400.00 | $ 1,335.70 | $22,736 | 0.43% | 95.39% | 0.38% | 82.69% | 0.42% | 91.92% |
| 42 | MARILYN G TIERNAN | $ 21,400.00 | $ 1,335.70 | $22,736 | 0.43% | 95.83% | 0.38% | 83.06% | 0.42% | 92.34% |
| 43 | LYNN D GRANT | $ 21,295.65 | $ 1,329.20 | $22,625 | 0.43% | 96.26% | 0.37% | 83.44% | 0.42% | 92.75% |
| 44 | ILA J BRATETIC | $ 20,995.32 | $ 1,310.44 | $22,306 | 0.43% | 96.69% | 0.37% | 83.81% | 0.41% | 93.16% |
| 45 | BETSY JO REED SUCCESSOR TTEE | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 97.01% | 0.28% | 84.09% | 0.31% | 93.48% |
| 46 | CASIMIR J STUREK TTEE | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 97.34% | 0.28% | 84.37% | 0.31% | 93.79% |
| 47 | CHRISTENE A NISH | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 97.66% | 0.28% | 84.65% | 0.31% | 94.11% |
| 48 | D A DAVIDSON & CO AS CUST FOR | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 97.99% | 0.28% | 84.94% | 0.31% | 94.42% |
| 49 | DAVE KRUEGER | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 98.31% | 0.28% | 85.22% | 0.31% | 94.73% |
| 50 | FRED HENDRICKS | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 98.64% | 0.28% | 85.50% | 0.31% | 95.05% |
| 51 | HUBERT H FRIEDMAN TTEE | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 98.97% | 0.28% | 85.78% | 0.31% | 95.36% |
| 52 | J YVETTE ELMORE | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 99.29% | 0.28% | 86.07% | 0.31% | 95.68% |
| 53 | NATIONAL FINANCIAL SERVICES LLC | $ 16,050.00 | $ 1,001.78 | $17,052 | 0.33% | 99.62% | 0.28% | 86.35% | 0.31% | 95.99% |
| 54 | DEBRA SCHAEFER | $ 5,350.00 | $ 333.93 | $5,684 | 0.11% | 99.73% | 0.09% | 86.44% | 0.10% | 96.09% |
| 55 | BARBARA K BRADY TTEE | $ 4,728.71 | $ 295.15 | $5,024 | 0.10% | 99.82% | 0.08% | 86.53% | 0.09% | 96.19% |
| 56 | DELPHIN L SOMMERHALDER TTEE | $ 3,500.00 | $ 218.46 | $3,718 | 0.07% | 99.89% | 0.06% | 86.59% | 0.07% | 96.26% |
| 57 | D A DAVIDSON & CO AS CUST FOR | $ 3,165.47 | $ 197.58 | $3,363 | 0.06% | 99.96% | 0.06% | 86.64% | 0.06% | 96.32% |
| 58 | JOHN E KUEHL | $ 2,091.11 | $ 130.52 | $2,222 | 0.04% | 100.00% | 0.04% | 86.68% | 0.04% | 96.36% |
| | | $ 4,926,002.71 | $ 307,462.50 | $ 5,233,465.21 | | | | | | |
| **CLASS "B" WARRANT HOLDERS** | | | | | | | | | | |
| 59 | ***THE HAMPTONS LAND DEVELOPMENT LLC*** | $ 756,979.83 | $ 47,247.66 | $804,227 | | | 13.32% | 100.00% | 3.64% | 100.00% |
| | | $ 5,682,982.54 | $ 354,710.16 | $ 6,037,692.70 | | | | | | |